IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS SHIPMAN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-1162 |
| v. | |
| ALDO GELSO, et al., | (JUDGE CAPUTO) |
| Defendants. | (MAGISTRATE JUDGE SMYSER) |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge J. Andrew Smyser, (Doc. 8), recommending that the Pennsylvania Human Relations Commission Defendants ("PHRC Defendants") be dismissed from this action. The Court will adopt the Report and Recommendation in part and will reject in part, and will recommit the matter to the Magistrate Judge for further proceedings.

## BACKGROUND

Plaintiffs allege the following. Plaintiffs Dennis Shipman, Alicia Brooks, and their infant son, K.T.S., were unlawfully discriminated against on the basis of race and color in trying to rent a house. (Am. Comp. at ¶¶ 1-5, Doc. 6). In response to a newspaper advertisement, Plaintiffs made an appointment to view a five-bedroom house for rent. (*Id.* at ¶ 10). They traveled almost five hours to see it, driving from New Castle, Delaware to the rental site in Blooming Grove, Pennsylvania. (*Id.* at ¶ 11). Upon arriving, after Mrs. Gelso personally met with the Plaintiffs, she sent them to a vacant home next door and proceeded to turn off the lights in her home. (*Id.*). The Gelsos then ignored Plaintiffs' subsequent

phone calls. (*Id.*). Plaintiffs then reported the incident to the Pennsylvania Human Relations Commission ("PHRC"). The PHRC Defendants[1] conducted "an obviously botched investigation" in concluding that the "the matter was predicated on a 'misunderstanding.'" (*Id.* at ¶ 14). Specifically, the PHRC's finding that the Gelsos had attempted to return Plaintiffs' calls was "a convenient fiction" not supported by telephone records in the PHRC's possession. (*Id.* at ¶ 14). Essentially, the PHRC Defendants conspired with the Gelso Defendants to violate the Plaintiffs' rights. (*Id.* at ¶ 7).

On June 20, 2011, Plaintiffs filed their original complaint, (Doc. 1), *in forma pauperis* alleging violations of the Fair Housing Act, 42 § 3601 *et seq.*, the Pennsylvania Fair Housing and Employment Act, and the Pennsylvania Civil Rights Act, as well as unfair business practices and negligence. Pursuant to 28 U.S.C. § 1915(e)(2),[2] the Magistrate Judge concluded that the Complaint failed to state a claim, and gave Plaintiffs leave to file an amended complaint. On July 7, 2011, Plaintiffs filed their Amended Complaint. (Doc. 6). The Magistrate Judge again reviewed the Amended Complaint pursuant to 28 U.S.C. §

---

[1]The PHRC Defendants are employees of the Pennsylvania Human Rights Commission and include Jinada Rochelle, Christine Rice, Tiffany Epoca, Homer Floyd, and Steven A. Glassman.

[2]Section 1915 provides in pertinent part that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

1915(e)(2), and determined that the Amended Complaint also failed to state a claim against the PHRC Defendants. The Magistrate Judge determined that the PHRC Defendants should be dismissed, concluding that further leave to amend would be futile.

The Plaintiffs filed an untimely objection to the Report and Recommendation, (Doc. 10), to which the PHRC Defendants submitted a Brief in Opposition, (Doc 11). For the reasons below, the Court will adopt in part and reject in part the Report and Recommendation and will recommit the matter to the Magistrate Judge for further proceedings.

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See*

*Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Though the Plaintiffs' objection appears untimely, the Court reviews the portions of the Report and Recommendation to which the Plaintiffs object *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

## II. Plaintiff's Claims

### A. Conspiracy

The Court agrees with the Magistrate Judge's determination that the Plaintiffs fail to plead a sufficient conspiracy claim against the PHRC Defendants. In order to "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citing *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Specifically, "a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Mathis v. Community Transp., Inc.*, No. 10-1399, 2011 WL 5152584 at *5 (W.D. Pa. Oct. 28, 2011) (quoting *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989)). Such pleading requires "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* (quoting *Twombly*, 550 U.S. at 556).

As the Magistrate Judge held, even assuming as true all facts in Plaintiffs' Complaint,

they still fail to allege the necessary components of a conspiracy. (Report and Recommendation at 7, Doc. 8). Instead, Plaintiffs' conspiracy claim is wholly predicated on the bare legal conclusion that they were "informed and believe" the Gelsos entered into a conspiracy with the PHRC Defendants. (Am. Compl. at ¶ 7). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court will dismiss these conspiracy claims for "failure to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), as there are no further factual allegations that could lend plausibility to Plaintiff's bare legal conclusion.

The only details Plaintiffs offer about the alleged conspiracy is the claim that the purpose of such conspiracy was to perpetuate discrimination on the basis of race and color, "and/or the knowing concealment of those discriminatory practices in an effort to diminish those policies and practices due to indifference incompetence, ineptitude, lethargy, collusion, and conspiracy." (*Id.* at ¶ 9). While these assertions perhaps outline the object of the supposed conspiracy, they are silent as to the period of the conspiracy, or as to any particular acts in furtherance of it. Similarly, allegations of dishonesty and incompetence do not lend any credence to the claim that an actual agreement was reached between the Gelsos and the PHRC Defendants. Beyond these sparse assertions, there are no additional pleadings that would lend plausibility to the existence of a conspiracy. The Court agrees with the Magistrate Judge that the Plaintiffs have failed to adequately plead a conspiracy between the Gelsos and the PHRC Defendants.

Finding that the Plaintiffs failed to properly plead a conspiracy, the Magistrate Judge

concluded that the Plaintiffs wholly failed to state any claim against the PHRC Defendants. (Report and Recommendation at 7, Doc. 8). Yet, the Magistrate Judge failed to consider Plaintiffs' claims against as against the PHRC Defendants to the extent they are *not* predicated on conspiracy liability. *Pro se* filings, such as this Amended Complaint, are to be construed liberally. *Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007). The Court does not read the Amended Complaint to expressly limit the PHRC's liability to conspirator liability for all claims. As such, the Court will briefly analyze the sufficiency of each of Plaintiff's claims as to the PHRC Defendants pursuant to 28 U.S.C. § 1915.

### B. Fair Housing Act (First Claim)

On closer inspection, Plaintiffs' Fair Housing Act claim fails for the same reasons. The Fair Housing Act makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Plaintiffs' Amended Complaint does not, however, allege any facts indicating that the PHRC Defendants took any steps to make the rental property unavailable. *See e.g. Meadowbriar Home for Children v. Gunn*, 81 F.3d 521, 531 (5th Cir. 1996) (finding it "axiomatic that for an official to make a dwelling unavailable, that official must first have the authority and power to do so. In other words, the official must be in a position to directly effectuate the alleged discrimination."). In merely alleging a "botched investigation" of their discrimination complaint, (Am. Compl. at ¶ 14), the Amended Complaint contains no claim that the PHRC affected the unavailability of the residence as to the Plaintiffs. As such, the Court finds that Plaintiffs fail to state a claim against the PHRC Defendants under the Fair Housing Act.

### C. Pennsylvania Human Relations Act (Third Claim)

The Pennsylvania Human Relations Act makes it unlawful for "any person to . . . [r]efuse to sell, lease, finance or otherwise to deny or withhold any housing accommodation or commercial property from any person because of the race [or] color." 43 P.S. § 955. This language substantially parallels the language of the federal Fair Housing Act, and the Court holds that this claim fails as to the PHRC Defendants for the same reasons as cited above.

Insofar as Plaintiffs bring a separate claim under the "Pennsylvania Fair Housing and Employment Act," (Second Claim), the Court notes that Plaintiffs have failed to cite any statutory authority for this Act, and the Court has not been able to discover any on its own. As such, the Court will dismiss this claim as well, but will give leave to amend.

### D. Unfair Business Practices (Fourth Claim)

Plaintiff's claim for unfair business practices, pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, is inapplicable to all Defendants. To the extent that it allows private actions, it bestows a cause of action on "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property." 73 P.S. § 201-9.2(a). The Act's provisions are expressly limited to plaintiffs with calculable losses stemming from a purchase or lease. *Balderston v. Medtronic Sofamor Danek, Inc.*, 152 F.Supp.2d 772, (E.D. Pa. 2001) (citing *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, 393 Pa.Super. 339 (1990)). Therefore, this statute does not apply in this action as there is no allegation that any actual purchase or lease was made. As such, this claim will be dismissed as to all Defendants.

### E. Negligence Claim (Fifth Claim)

Plaintiff's negligence claim against the PHRC Defendants appears to be viable beyond the terms of any such conspiracy. They allege, in part, that: "Defendants owed Plaintiffs a duty to impartially, objectively, fairly and, more importantly, competently investigate allegations of housing discrimination in a manner that is free from unlawful discrimination; and, to hire, train, supervise and discipline their employees and themselves to fulfill that duty." (Am. Compl. at ¶ 24, Doc. 6). The Court holds that the Magistrate Judge's determination that this negligence claim must rise and fall with the conspiracy claim was in error.

The PHRC Defendants retort that they are immune from the state-law negligence claim by virtue of sovereign immunity. Such immunity is provided is set forth in Section 2310 of Title I of the Pennsylvania Consolidated Statutes:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa. C.S.A. § 2310.

The Court does not agree that such immunity is automatically warranted. While the General Assembly does not appear to have waived immunity in the instant matter,[3] it is

---

[3] Such exceptions include: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S.A. § 8522(b).

unclear from the facts of the case whether such officials were actually acting within the scope of their duties. See e.g. Clark v. Conahan, 737 F.Supp.2d 239, 258 (M.D. Pa. 2010) (Caputo, J.) (declining to dismiss a complaint based on intentional misconduct as such is not "not the type of conduct [state employees] are hired to perform."). Therefore, the Court does not agree that the state-law claims automatically fail on the basis that no claim upon which relief can be granted has been stated. The negligence claim against the PHRC Defendants will stand.

Finally, the Court disagrees with the Magistrate Judge's determination that further leave to amend would be futile. Though Plaintiffs have been afforded a previous opportunity to amend, the analysis above offers the pro se Plaintiffs more specific guidance on the deficiency of their claims, and it is possible that these shortcomings could be remedied in a further pleading. As such, the Court will grant Plaintiffs leave to amend their Amended Complaint. Moreover, as the Court notes that the Amended Complaint has not been signed by both adult Plaintiffs, such leave will be beneficial in giving all Plaintiffs an opportunity to sign the Complaint. Federal Rules of Civil Procedure Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented," and if such a defect is not cured, the Court will be required to strike the Amended Complaint. Fed. R. Civ. P. 11(a).

## CONCLUSION

For the reasons above, the Court will adopt in part and reject in part the Magistrate Judge's Report and Recommendation. The negligence claim against the PHRC Defendants

will not be dismissed but the remaining claims will. Furthermore, the Pennsylvania Housing Act and Unfair Business Practices claims will be dismissed as to the Gelsos. However, Plaintiffs will be given twenty-one (21) days to amend their Amended Complaint. The matter will be recommitted to the Magistrate Judge for further proceedings. An appropriate order follows.


November 15, 2011          /s/ A. Richard Caputo
Date                       A. Richard Caputo
                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS SHIPMAN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-1162 |
| v. | |
| ALDO GELSO, et al., | (JUDGE CAPUTO) |
| Defendants. | (MAGISTRATE JUDGE SMYSER) |

## ORDER

**NOW** this 15th day of November, 2011, after consideration of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 8), **IT IS HEREBY ORDERED THAT** the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

(1) Plaintiffs' Second Claim (Pennsylvania Fair Housing and Employment Act) and Fourth Claim (Unfair Business Practices) will be **DISMISSED** as against all defendants.

(2) Plaintiffs' First Claim (Fair Housing Act), Third Claim (Pennsylvania Human Relations Act) will be **DISMISSED** as to the PHRC Defendants only.

(3) Plaintiffs will be given twenty-one (21) days to submit an Amended Complaint.

(4) This matter is **RECOMMITTED** to the Magistrate Judge.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge