UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS SHIPMAN, ALICIA BROOKS : **CIVIL NO. 3:11-CV-01162**
and K.T.S.                    :
                              :
            Plaintiffs        :    (Judge Caputo)
                              :
            v.                :    (Magistrate Judge Smyser)
                              :
ALDO GELSO, *et al.,*         :
                              :
            Defendants        :


### REPORT AND RECOMMENDATION


The state and federal claims in this case concern housing discrimination.  Two of the defendants have filed a motion to dismiss the amended complaint.  The amended complaint states claims upon which relief can be granted against the moving defendants under the Fair Housing Act and the Pennsylvania Human Relations Act.  It, however, fails to state a viable negligence claim against the moving defendants.  Thus, we recommend that the motion to dismiss be granted in part and denied in part and that the case be remanded to the undersigned for further proceedings.

I. Background and Procedural History.

On June 20, 2011, the plaintiffs, Dennis Shipman, Alicia Brooks, and their infant son K.T.S., commenced this action by filing a complaint.  On July 7, 2011, the plaintiffs filed an amended complaint.

The defendants named in the amended complaint are: Aldo Gelso, Gnu Gelso, Jinada Rochelle, Christine Rice, Tiffany Epoca, Homer Floyd, and Steven A. Glassman.  Defendants Rochelle, Rice, Epoca, Floyd, and Glassman are members of the Pennsylvania Human Relations Commission (PHRC).  The plaintiffs claim that the defendants conspired and violated state and federal law in connection with the failure of Aldo and Gnu Gelso to rent a property to them because of their race and in connection with the PHRC investigation of their complaint concerning that failure.  The plaintiffs allege the following facts in the amended complaint.

In response to a newspaper advertisement, plaintiff Brooks spoke to Aldo Gelso on November 18, 2009 and made an appointment for November 21, 2009 to see a home for rent by the

Gelsos.  The plaintiffs traveled from New Castle, Delaware to Blooming Grove, Pennsylvania to see the home.  The drive took almost five hours.  During the drive, they spoke to Aldo Gelso on the phone several times.

When the plaintiffs arrived at the Gelsos' home, Mrs. Gelso met them at the gate.  Mrs. Gelso opened the gate to her driveway but did not allow the plaintiffs in.  She walked to their vehicle, briefly peered into the vehicle, visibly recoiled after seeing the plaintiffs, and said "you got lost." Plaintiff Brooks responded "yes."  Mrs. Gelso told the plaintiffs that her husband was down the street showing the house.  She told them to go to the house next door and that he would be right over.  She did not provide an exact address, but the plaintiffs followed her instruction because Aldo Gelso had in an earlier conversation with plaintiff Brooks stated that he has several properties in the vicinity.

The plaintiffs waited for approximately thirty minutes at the property to which they had been directed.  Plaintiff Brooks attempted to telephone the Gelsos, but her call went directly to voice mail.  When the plaintiffs returned to the house where

3

they had been met by Mrs. Gelso, the house was darkened.  The Gelsos did not answer another attempt by the plaintiffs to contact them.  The Gelsos never called the plaintiffs back even though they knew that the plaintiffs had driven a considerable distance to view the property.

The plaintiffs filed a complaint with the PHRC.  Defendant Rochelle asserted that she believed that the matter was predicated on a misunderstanding.  The PHRC defendants concluded that the Gelsos had called the plaintiffs back after meeting them.  Defendant Rochelle botched the investigation, and the other PHRC defendants condoned defendant Rochelle's actions.  The plaintiffs were not given a fair and impartial investigation into their complaint.

The amended complaint alleges that defendants Rochelle, Rice, Epoca, Floyd and Glassman conspired with Aldo and Gnu Gelso to discriminate against the plaintiffs because of their race.

The amended complaint contains five counts.  Count One contains claims under the Fair Housing Act, 42 U.S.C. § 3601 *et*

4

*seq.*  Count Two contains claims under a purported Pennsylvania Fair Housing and Employment Act.  Count Three contains claims under the Pennsylvania Human Relations Act, 43 P.S. § 955. Count Four contains claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.9.2(a). And Count Five contains negligence claims.

By a Memorandum and Order dated November 15, 2011, Judge Caputo determined that the plaintiffs failed to adequately plead a conspiracy between the Gelsos and the PHRC defendants, and he dismissed Counts Two and Four as to all of the defendants and Counts One and Three as to the PHRC defendants. He also gave the plaintiffs leave to file an amended complaint, but the plaintiffs have not filed an amended complaint.

This Report and Recommendation addresses a motion to dismiss the amended complaint filed by the Gelsos.

II. Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)
challenges the legal sufficiency of the plaintiff's complaint.
In deciding a motion to dismiss the complaint, we must accept
all well-pleaded factual allegations as true, "construe the
complaint in the light most favorable to the plaintiff, and
determine whether, under any reasonable reading of the
complaint, the plaintiff may be entitled to relief." *McTernan
v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting
*Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.
2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading
must contain a 'short and plain statement of the claim showing
that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,*
129 S.Ct. 1937, 1949 (2009).  The statement required by Rule
8(a)(2) must give the defendant fair notice of what the
plaintiff's claim is and of the grounds upon which it rests.
*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual
allegations are not required. *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007).  But more is required than labels,

6

conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint

7

need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*   The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

The plaintiffs claim that the Gelsos violated the Fair Housing Act (FHA).  "The FHA makes it unlawful to "refuse to sell or rent . . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex,

8

familial status, or national origin." *Mt. Holly Gardens*
*Citizens in Action, Inc. v. Township of Mount Holly,* 658 F.3d
375, 381 (3d Cir. 2011).

The defendants contend that the plaintiffs have failed to
plead facts from which it can reasonably be inferred that they
acted with discriminatory intent.  We disagree.

The plaintiffs allege that when they met Mrs. Gelso she
visibly recoiled upon seeing them.  She then directed them to a
vacant house to wait for Mr. Gelso.  He never showed up.  The
plaintiffs' calls to the Gelsos went unanswered, and the Gelsos
never called the plaintiffs back.  The Gelsos knew that the
plaintiffs had driven a considerable distance to view the
property.  These facts are sufficient to raise a reasonable
inference of discriminatory intent.  Thus, we conclude that the
amended complaint states a FHA claim upon which relief can be
granted.

The plaintiffs claim that the Gelsos violated the
Pennsylvania Human Relations Act (PHRA).  The PHRA is similar
to the FHA.  The PHRA makes it unlawful for any person to

9

refuse to sell to or lease to "any person because of the race, color, familial status, age, religious creed, ancestry, sex, national origin or handicap or disability" of that person. *43 P.S. § 955(h)(1).* The Third Circuit has indicated that the "PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." *Fogleman v. Mercy Hosp., Inc.,* 283 F.3d 561, 567 (3d Cir. 2002). Because the FHA and PHRA are similar, we analyze them under the same standards.

As set forth above, the amended complaint states a FHA claim upon which relief can be granted. It, therefore, also states a PHRA claim upon which relief can be granted.

We note that in connection with the PHRA claims, the Gelsos contend that the plaintiffs have failed to plead every element of a prima facie case. "A determination whether a *prima facie* case has been made, however, is an evidentiary inquiry - it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009).

10

"Even post-*Twombly,* it has been noted that a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Id.* (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.,* No. 08-207, 2008 WL 2312671 (W.D.Pa. June 4, 2008)).  "Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Id.*

The Gelsos contend that the plaintiffs' negligence claim against them is barred by the economic loss doctrine.

"The economic loss doctrine, stated in its most general form, precludes recovery in tort if the plaintiff suffers a loss that is exclusively economic, unaccompanied by an injury to either property or person."  *Bouriez v. Carnegie Mellon Univ.,* 430 Fed.Appx. 182, 187 (3d Cir. 2011).

Although the negligence count in the amended complaint is purportedly against all of the defendants, it appears to be focused on the PHRC defendants.  In their brief in opposition

to the motion to dismiss, the plaintiffs do not address their

negligence claim against the Gelsos.  In any event, as the

plaintiffs did not suffer either personal injury or injury to

their property, any negligence claim against the Gelsos is

barred by the economic loss doctrine.[1]


IV. Recommendations.


     Based on the foregoing, it is recommended that the motion

(doc. 14) to dismiss the amended complaint filed by the Gelsos

be granted in part and denied in part.  It is recommended that

the negligence claim against the Gelsos be dismissed but that

the FHA and PHRA claims against the Gelsos not be dismissed.

---

[1] Under Pennsylvania law, there is an exception to the economic
loss doctrine for claims of negligent misrepresentation asserted
under Section 552 of the Restatement (Second) of Torts. *Bouriez,
supra,* 430 Fed.Appx. at 188. The plaintiffs have not pleaded a
negligent misrepresentation claim against the Gelsos under Section
552.

It is recommended that the case be remanded to the undersigned

for further proceedings.


                                        /s/ J. Andrew Smyser
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: February 17, 2012.