UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS SHIPMAN, et al.,** | : | Civil No. 3:11-CV-1162 |
| | : | |
| **Plaintiffs,** | : | ( Judge Caputo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **ALDO GELSO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a request to appoint counsel for the plaintiffs, *pro se* litigants. (Doc. 41.) The plaintiffs ask the Court to appoint counsel, prior to the completion of discovery and the filing deadline for dispositive motions, at a time when a number of the plaintiffs' claims have been dismissed upon a preliminary assessment of the pleadings.

We appreciate the plaintiffs' interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to complete an assessment the first benchmark standard we must address, the question of whether the plaintiff's claims have arguable legal merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to complete this merits analysis in this matter at the time when dispositive motions are scheduled to be filed, October 17, 2012. Moreover, while we understand that the plaintiffs doubtless face some obstacles in bringing this action, to date the plaintiffs have demonstrated an ability to effectively

present their own case. Furthermore, the actual investigation that the plaintiffs have to do is minimal, since the pleadings show that the plaintiffs are fully aware of the bases for these claims against the defendants. Finally, we note that the plaintiffs have made allegations that opposing counsel have threatened or intimidated them. The record of these proceedings does not support this claim. Rather, it simply shows that opposing counsel have represented their clients' interests in a zealous fashion, seeking discovery and actively litigating the merits of the plaintiffs' claims. Therefore, the plaintiffs' subjective discomfort with the litigation process, standing alone, does not provide grounds to appoint counsel in this case.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 41), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 17th day of September, 2012.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge