**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS SHIPMAN, et al.,** | : | **Civil No. 3:11-CV-1162** |
| | : | |
| **Plaintiffs,** | : | **( Judge Caputo)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ALDO GELSO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I. Statement of Facts and of the Case.**

This housing discrimination case was commenced by the plaintiffs, who are proceeding *pro se*, through the filing of a complaint on June 20, 2011, (Doc. 1), which the plaintiffs subsequently amended on July 7, 2011. (Doc. 6.) In their complaints, the plaintiffs named the following current and former employees of the Pennsylvania Human Relations Commission ("PHRC") as Defendants: Jinada Rochelle, Christine Rice, Tiffany Epoca, Homer Floyd, and Steven A. Glassman. The plaintiffs also identified two private parties as defendants: Aldo and "Gnu" Gelso. (Id.) The plaintiffs alleged that the Gelsos discriminated against them when they applied to rent housing based upon plaintiffs' race and color, and further alleged that the PHRC defendants conspired with the Gelsos and were negligent in conducting an investigation into this alleged housing discrimination. (Id.)

On November 15, 2011, this Court ruled upon a motion to dismiss filed by the PHRC defendants and dismissed plaintiffs' second claim (Pennsylvania Fair Housing and Employment Act) and fourth claim (Unfair Business Practices) as to all defendants; dismissed plaintiffs' first claim (Fair Housing Act) and third claim (Pennsylvania Human Relations Act) as to the PHRC defendants, while permitting the negligence claims to proceed as to these defendants. (Doc. 18). On June 7, 2012, the court also ruled upon a motion to dismiss filed by the Gelsos and dismissed the negligence claims brought by the plaintiffs against the Gelsos, while permitting the plaintiffs' housing discrimination claims to proceed forward as to these defendants. (Doc. 26.)

Notably, nothing in these pre-trial rulings signified an acceptance of the merits of the plaintiffs' claims. Rather, the court's rulings simply disposed of a number of claims as a matter of law, while concluding that no judgment could be made on the remaining claims advanced by the plaintiffs as a matter of law based solely upon an assessment of the pleadings.

With the plaintiffs' claims narrowed in this fashion, the defendants filed answers to these complaints, which denied the plaintiffs' factual allegations of discrimination and negligence. (Docs. 20, 38.) Thus, the critical material facts in this case are disputed by the parties. Notwithstanding these denials, which seem to sharply

define disputed factual issues in the litigation, the plaintiffs have now filed a motion for judgment on the pleadings which asserts that they are entitled as a matter of law of a judgment in their favor on their complaint. (Doc. 33) This motion has been fully briefed by the parties, (Docs. 33, 34, 35, 44 )[1] and is now ripe for resolution.

For the reasons set forth below, it is recommended that the motion for judgment on the pleadings be denied.

## II. Discussion

### A. Disputed Factual Issues Preclude Any Judgment on the Pleadings as a Matter of Law

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P., Rule 12(c). When considering a motion for judgment on the pleadings, " the motion should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.' " Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004); see DiCarlo v. St. Mary Hosp., 530 F.3d

[1]We consider briefing closed in this matter because the plaintiffs never filed a brief in support of their motion, although they filed a document in lieu of a brief (Doc. 34), which we have construed as a brief. Moreover, when the PHRC defendants timely responded to this motion, the plaintiffs allowed the deadline for filing a reply brief to lapse without filing any reply to the defendants brief in opposition to their motion.

255, 259 (3d Cir. 2008) (Under Rule 12(c) judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law.) Therefore, when considering a motion for judgment on the pleadings, "[w]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

These familiar principles are fatal to the plaintiffs' motion for judgment on the pleadings. When one views the sharply contrasting facts presented in the parties' competing pleadings in the light most favorable to the defendants, as we are required to do when assessing a motion for judgment on the pleadings, it is apparent that the plaintiffs' motion fails since, fairly construed, the defendants' pleadings categorically deny the Shipmans' claims of discrimination and negligence. Given that there are plainly disputed material issues of fact in this case, a motion for judgment on the pleadings is inappropriate here. DiCarlo, supra 530 F.3d at 259 (Under Rule 12(c) judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law.)

[2] In short, these disputed factual issues prevent us from reaching any judgment as a matter of law on the merits of this case at the present time.

## III. Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the plaintiffs' motion for judgment on the pleadings (Doc. 33) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the

[2]It appears that the plaintiffs' motion for judgment on the pleadings was inspired by a fundamental misunderstanding regarding the effect of the court's prior rulings denying the defendants' motions to dismiss. The denial of these motions was not tantamount to an acceptance of the plaintiffs' version of events, as the Shipmans suggest. Rather, these rulings simply acknowledged factual disputes which did not permit judgment as a matter of law in favor of the defendants on all of the plaintiffs' claims. This same principle now applies to the plaintiffs' motion for judgment on the pleadings. These factual disputes continue at present to preclude judgment as a matter of law for any party in this lawsuit.

> record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of September, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge