# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS SHIPMAN, et al.,** | : | |
| Plaintiffs, | : | Civil No. 3:11-CV-1162 |
| v. | : | |
| **JINADA ROCHELLE**[1]**, et al.,** | : | (Mannion, D.J.) <br> (Schwab, M.J.)[2] |
| Defendants. | : | |

## MEMORANDUM

Presently before the court is the Report and Recommendation of Magistrate Judge Martin Carlson[3], (Doc. No. 46), recommending that plaintiffs' motion for judgement on the pleadings be denied. After a de novo review[4] of

---

[1] Aldo and Gnu Gelso were terminated from the lawsuit on January 15 because they reached a settlement with plaintiffs. (See Doc. No. 56.)

[2] Judge J. Andrew Smyser was originally assigned as the Magistrate Judge in this case. Upon Judge Smyser's retirement and pursuant to the verbal order dated September 4, 2012, the case was temporarily re-assigned to Judge Martin C. Carlson as the Magistrate Judge on the case. Now, upon her appointment as Judge Smyser's replacement, the case will be re-assigned to Judge Susan E. Schwab as the Magistrate Judge in this case.

[3] Plaintiff misidentifies Judge Carlson as Magistrate Carlson. The title magistrate no longer exists in the U.S. Courts, having been changed from magistrate to magistrate judge in 1990. (See Federal Judgeship Act of 1990, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.")). Plaintiff is advised to use the correct title in the future when referring to magistrate judges.

[4] When objections are timely filed to the Report and Recommendation of a Magistrate Judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (2011).

those portions of the Report and Recommendation to which plaintiffs object, the court will adopt the Report and Recommendation without modification.

## BACKGROUND

Plaintiffs brought suit against employees of the Pennsylvania Human Relations Commission (PHRC) on July 1, 2011, for negligently investigating allegations of housing discrimination.[5] On December 12, 2011, defendants filed an answer to plaintiffs' amended complaint denying all material facts.[6] (Doc. No. 20.) Plaintiff subsequently filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 33.) Judge Carlson filed a Report and Recommendation on September 17, 2012 denying plaintiffs' motion, explaining, "it is apparent that the plaintiffs' motion fails since, fairly construed, the defendants' pleadings categorically deny the Shipmans' claims of discrimination and negligence." (Doc. No. 46 at 4.)

Plaintiffs objected to Judge Carlson's Report and Recommendation on

---

[5] All other claims were either dismissed, (Doc. No. 18, at 11), or settled. (Doc. No. 55 ,(letter notifying court of settlement); Doc. No. 56 (directing clerk to terminated Gelso defendants)).
Plaintiffs originally filed a complaint on June 20, 2011, but also filed an amendment complaint on July 1, 2011.

[6] Defendants denied all factual allegations in the complaint but one. They admitted that, "in a letter defendant Rochelle advised Plaintiffs that, after the case had been submitted to the Commission's legal staff for review, the legal staff believed the matter was predicated on a misunderstanding, not discrimination." (Doc. No. 20, at 4.)

2

September 24, 2012, arguing, 1) Judge Carlson erroneously found that plaintiffs did not submit a reply brief and, 2) plaintiffs are entitled to judgment on the pleadings because the court previously denied defendants' motion to dismiss.[7] (Doc. No. 48, at 1, 2.) For the reasons stated below, the court will adopt Judge Carlson's recommendations without modification.

## **STANDARD OF REVIEW**

When objections are timely filed to the Report and Recommendation of a Magistrate Judge, the district court must review *de novo* those portions of the report to which objections are made. (28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (2011)). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. (Rieder v. Apfel, 115 F.Supp.2d 496, 499 (2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980))).

For those sections of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself

---

[7]There has been some confusion regarding the arguments in plaintiffs' brief. Plaintiffs state, "The *prima facie* finding of housing discrimination by the Court speaks for itself. Both Judge Caputo and Magistrate Judge Smyser found the defendants' claims to be 'incredible' at first glance, and the matter 'triable' as a consequence." (Doc. No. 48, at 2.) It appears plaintiffs are under the misimpression that the court's denial of defendants' motion to dismiss amounted to a statement in support of the merits of plaintiffs' claim. Plaintiffs appear to believe the denial of the motion to dismiss entitles them to judgment on the pleadings.

3

that there is no clear error on the face of the record in order to accept the recommendation." (Fed. R. Civ. P. 72(b) advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation))). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. (28 U.S.C. § 636(b)(1); Local Rule 72.31).

## **DISCUSSION**

As an initial matter, plaintiffs claim they filed a reply brief in support of their motion for judgment on the pleadings.[8] (Doc. No. 48, at 1.) Judge Carlson states in his Report and Recommendation, "the plaintiffs allowed the deadline for filing a reply brief to lapse without filing any reply." (Doc. No. 46, at 3.) A meticulous review of the docket reveals no reply briefs or documents that could be construed as such in support of plaintiffs' motion for judgment on the pleadings. The court, therefore, is at loss to figure out what document plaintiffs are referring to. Nonetheless, because plaintiffs have filed objections to Judge Carlson's Report and Recommendation, (Doc. No. 48), they have had a

---

[8]Plaintiffs also claim they mailed an "Answer to the Court on or about September 17th." (Doc. No. 48, at 2.) Plaintiff did file a "Reply to Defendants Answer with Leave by the Court pursuant to Fed.R.Civ.Proc. Rule 7 (a),(7) [sic] by Dennis Shipman." It is possible that plaintiffs confused Judge Carlson's reference to a reply brief as a reference to a Rule 7 reply.

4

sufficient chance to present their arguments. Therefore, they were not prejudiced as a result of the Report and Recommendation being issued before they filed their reply brief.

Regardless, Judge Carlson's decision to deny plaintiff's motion for judgment on the pleadings faithfully adhered to the standard governing Rule 12© motions. A motion for judgment on the pleadings should be granted only when there are no genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. (Allstate Property and Cas. Ins. Co. v. Squires, 667 F.3d 388, 390 (3d Cir. 2012); see also Sikirica v. Nationwide Ins. Co. 416 F.3d 214, 220 (3d Cir. 2005) (viewing facts in pleadings and inferences to be drawn therefrom in light most favorable to nonmoving party)). As Judge Carlson pointed out, the pleadings clearly present a genuine issue of material fact. Defendants deny all the allegations plaintiffs raise in their amended complaint. (Doc. No, 20.) Therefore, the pleadings present genuine issues of material facts, and plaintiffs are not entitled to judgment as a matter of law. Judge Carlson was correct in recommending the court deny the motion for judgment on the pleadings.

Plaintiffs nevertheless argue that they are entitled to judgment as a matter of law because the court previously denied defendants' motion to dismiss. (Doc. No. 48, at 2.) Plaintiffs' argument suggests that they misunderstand the legal implications of a motion to dismiss. The court's earlier denial of defendants'

motion to dismiss should not be misconstrued as an imprimatur on plaintiffs' version of the facts. A motion to dismiss merely considers whether, assuming all the facts in the complaint are true, the plaintiff has stated a claim for which the law provides a remedy. (See Glover v. F.D.I.C., 698 F.3d 139 (3d Cir. 2012) (accepting all facts in complaint as true and determining whether plaintiff's claim would entitle her to relief)). As such, the federal rules governing a motion to dismiss create an assumption of truth, but only for the purposes of deciding the motion itself. Conversely, a motion for judgment on the pleadings, which is the subject of plaintiffs' objection, looks to see if the pleadings present a genuine dispute of material fact. (See Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004) (explaining motion for judgment on pleadings should not be granted unless there's no material issue of fact to resolve)). Considering the parties' clear disagreement about the material facts, (Compare Doc. No. 20 (Answer) with Doc. No. 6 (Amended Complaint)), Judge Carlson correctly determined that a judgment on the pleadings was inappropriate. Therefore, the Report and Recommendation of Judge Carlson is **ADOPTED** and plaintiffs' motion for judgment on the pleadings, (Doc. No. 33), is **DENIED**. The matter is referred to Judge Schwab for continued pretrial management.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: February 6, 2013

O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1162-01.wpd

6