# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS SHIPMAN, ET AL.,** | **:** | |
| **Plaintiffs** | **:** | **CIVIL ACTION NO. 3:11-1162** |
| **v.** | **:** | |
| | | **(MANNION, D.J.)** |
| **JINADA ROCHELLE[1], ET AL.** | **:** | **(SCHWAB, M.J.)[2]** |
| **Defendants** | **:** | |

## MEMORANDUM AND ORDER

Before the court is plaintiff's appeal,[3] (Doc. No. 49), of Magistrate Judge Carlson's memorandum and order, (Doc. No. 45), denying plaintiff's request for the appointment of counsel. After reviewing the record to determine whether the magistrate judge's order was clearly erroneous or contrary to law, the court has determined that Judge Carlson's order denying plaintiff's motion to appoint counsel should be **AFFIRMED**.

## STANDARD OF REVIEW

When a party appeals the nondispositive motion of a magistrate judge,

---

[1]Aldo and Gnu Gelso were terminated from the lawsuit on January 15 because they reached a settlement with plaintiffs. (Doc. No. 56.)

[2]This case was transferred from Judge Carlson to Judge Schwab on February 6, 2013. (Doc. No. 58.)

[3]Plaintiff refers to the filing as a "Motion for Reconsideration Pursuant to Rule 54(B) Fed.R.Civ.P." (Doc. No. 49, at 1.) However, because plaintiff is asking this court to review a magistrate judge's order on a nondispositive motion, (Doc. No. 49), it is properly characterized as an appeal pursuant to 28 U.S.C. §636(b)(4) and MDPA Local Rule 72.2.

the party filing the appeal bears the burden of proof and the district court must review the record to determine whether the magistrate judge's order was "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a); Evans v. U.S., 05-CV-133, 2006 WL 2331103, *1 (D.N.J. 2006). The Third Circuit has stated, "the standard of review is circumscribed: [t]he district court is bound by the clearly erroneous rule in findings of fact; the phrase 'contrary to law' indicates plenary review as to matters of law." Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992); see also In re Mushroom Direct Purchaser Antitrust Litigation, 06-CV-0620, 2012 WL 5199388, *1 (E.D.Pa. 2012). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Rycon Specialty Foods, Inc. v. Wellshire Farms, Inc., 09-CV-2092, 2011 WL 1988016, *1 (M.D.Pa. 2011) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)). Clear error review grants substantial deference to magistrate judges and, "[a]pplying the clearly erroneous standard, the reviewing court may not reverse a magistrate judge's decision simply because the reviewing court would have decided the matter differently." Id.

## DISCUSSION

As an initial matter, courts have broad discretion to determine whether

2

counsel should be appointed in a civil case. Benchoff v. Yale, 11-CV-1106, 2012 WL 4061218, *3 (M.D.Pa. 2012). Nevertheless, the courts have observed that counsel is normally appointed in civil cases for indigent parties only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to the indigent litigant." Maisonet v. City of Philadelphia, 06-CV-4858, 2007 WL 1366879, *4 (M.D.Pa. 2007); Seawright v. Kyler, 02-CV-1815, 2006 WL 709118, *2 (M.D.Pa. 2006). Courts should first "determine that the plaintiff's claim has some arguable merit in fact and law" and then look to six factors that, while not dispositive, should guide the judge's determination. Id. These include:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his or her own behalf. Benchoff v. Yale, 11-CV-1106, 2012 WL 4061218 (M.D.Pa. 2012) (quoting Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)).

It should be noted that plaintiff fails to address any of these factors in his brief in support of the appeal.[4] (Doc. No. 41.) Nevertheless, "[t]he list is not exhaustive, and the decision of whether or not to appoint counsel must be made on a case-by-case basis after considering all relevant factors." Id.

Plaintiff first argues that Judge Carlson's opinion was not supported by

---

[4]The court will limit review of Judge Carlson's opinion to the arguments raised in plaintiff's brief in support of the appeal.

the facts, stating "[s]ince the Magistrate [Judge] was not privy to any of the threatening emails in question, plaintiff is hard-pressed to determine exactly what evidence he employed to substantiate his opinion that plaintiff's position is not supported by the facts." (Doc. No. 41, at 1.) Plaintiff neither cites to these emails nor reiterates their substance in his brief and, after a thorough review of the record, the court is unable to find any trace of these "threatening emails."[5] Therefore, Judge Carlson can hardly be faulted for not considering these emails when plaintiff failed to provide them for the court in the first place.

Next plaintiff claims that pursuing this legal matter has exacerbated the symptoms of his medical disability. (Doc. No. 49, at 2.) He claims that his disability is "an impairment that substantially limit[s] a major life activity pursuant to the Americans With Disabilities Act." (Doc. No. 41, at 7.) While this might be a relevant factor to consider, he provided the court no evidence or even specific allegations to substantiate this assertion. He has not provided any supporting documentation nor has he stated how his health is deteriorating. The appealing party bears the burden of showing that a magistrate judge's ruling should be overturned. Without this information, a court cannot make a determination as

---

[5]Plaintiff does say in his motion to appoint counsel, (Doc. No. 41), "Plaintiff s move for this relief because of threatening, insulting communication that has intentionally inflicted emotional distress in plaintiff *pro se*," but he does not actually explain how the correspondence was threatening or insulting. (Doc. No. 41, at 1.)

to whether this factor weighs in favor of appointing counsel.

Even assuming, however, that plaintiff had provided this evidence, it is doubtful that his burden to require overruling Judge Carlson's order would be met. While the court is cognizant that *pro se* litigants face significant burdens in bringing civil claims, the equality and fairness engendered by appointing counsel to indigent parties is not the only factor that the court must consider. As the Third Circuit observed in Tabron v. Grace:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of . . . civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances. Gonzalez v. Nadzom, 12-CV-1021, 2012 WL 4849615 (M.D.Pa. 2012).[6]

Finding that Judge Carlson's memorandum and order denying the

---

[6]The *Gonzalez* court continued:

Mindful of this consideration it has been emphasized that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under §1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. . . . Gonzalez v. Nadzom, 12-CV-1021, 2012 WL 4849615, *1 (M.D.Pa. 2012) (citing Tabron v. Grace, 6 F.3d 147, 157 (3d. Cir. 1993)).

appointment of counsel, (Doc. No. 45), is not clearly erroneous nor contrary to law, the appeal, (Doc. No. 49),  is **DENIED**, and Judge Carlson's order (Doc. No. 45), is **AFFIRMED**. Plaintiff's motion to appoint counsel, (Doc. No. 41), is **DISMISSED** without prejudice to re-examine the issue, if necessary, as this litigation progresses.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: April 15, 2013

O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1162-02.wpd